**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FSO JONES, LLC, *et al.*,[1] | ) | Case No. 22-10196 |
|  | ) |  |
| Debtor. | ) | (Jointly Administered) |
|  | ) |  |

**SCHEDULES OF ASSETS AND LIABILITIES**
**FOR MIGRATION PRODUCTIONS I LA, LLC, CASE NO. 22-10288**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FSO Jones, LLC (4300); and Migration Productions I LA, LLC (2103). The location of the Debtors' service address for purposes of these chapter 11 cases is: 3900 W. Alameda Ave., 32nd Floor, Burbank, California 91505.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FSO JONES, LLC, *et al.*,[1] | ) | Case No. 22-10196 |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

FSO Jones, LLC and Migration Productions I LA, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors," and together with their non-debtor affiliates, the "Company"), have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Uniform Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana.

These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") or any other foreign jurisdiction, as applicable, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  FSO Jones, LLC (4300) and Migration Productions I LA, LLC (2103).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  3900 W. Alameda Ave., 32nd Floor, Burbank, California 91505.

[2]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Noah Fogelson, Executive Vice President of Corporate Development, General Counsel, and Secretary of STX Filmworks, Inc., the Debtors' non-Debtor corporate parent, and an authorized signatory at each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Fogelson necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Fogelson has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

## **Global Notes and Overview of Methodology**

1.  **Description of the Cases**. On February 28, 2022 and March 18, 2022, respectively (as applicable to each Debtor, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On March 25, 2022, the Bankruptcy Court entered an order directing joint administration of the Debtors' chapter 11 cases [Docket No. 78]. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have not been substantively consolidated and accordingly, each Debtor has filed its own Schedules and Statements. The asset information provided

herein, except as otherwise noted, represents the asset and liability data of each Debtor as of the close of business on the Petition Date, to the extent available.

2. **Global Notes Control**. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3. **Reservations and Limitations**. Commercially reasonable efforts were made to prepare and file complete and accurate Schedules and Statements. However, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but do not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party or any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   (a) **Net Book Value of Assets.** Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of close of business on the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

   (b) **Recharacterization and Classifications**. The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c) **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d) **Claims Description**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

(e) **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities, contingent assets and contingent liabilities, and revenues and expenses to reflect changes in those estimates or assumptions.

(f) **Causes of Action**. Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g) **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(h) **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

4. **Methodology**.

(a) **Basis of Presentation**.  For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

(b) **Confidential or Sensitive Information**. To the extent the Debtors amend their Schedules and Statements in the future, there may be instances in the Schedules and Statements where the Debtors deem it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Reasons the Debtors may use this approach include an agreement between the Debtors and a third party regarding confidentiality, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. To the extent the Debtors amend their Schedules and Statements in a manner requiring such redaction, the Debtors will seek appropriate relief from the Bankruptcy Court, and will limit alterations to only what is necessary to protect the Debtors or a third party.

(c) **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d) **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

(e) **Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

(f) **Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

(g) **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of

all of their assets. The Debtors' assets, which are intangible assets, are listed at undetermined amounts, as the net book values (if any) may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities may exclude certain items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes (if any) either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

(h)     **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(i)     **Undetermined Amounts**. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(j)     **Unliquidated Amounts**. Amounts that could not be fairly or readily quantified by the Debtors are scheduled as "unliquidated."

(k)     **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

(l)     **Allocation of Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

(m)     **Paid Claims**. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered or that may be entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action, such as filing claims objections, as is necessary or appropriate to avoid overpayment of or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest such payment. In addition and regardless of whether such claims are listed in the Schedules and Statements, to the extent claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements.

(n)     **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

(o)     **Intercompany Claims**. The listing (or non-listing) of any amounts with respect to receivables and payables among the Debtors and their non-Debtor affiliates is not, and should not be construed as, an admission of the characterization of any intercompany balance as debt, equity, or otherwise or an admission to the validity or non-validity of any such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of any intercompany claims. Without limiting the generality of the foregoing, certain intercompany receivables and payables may have been consolidated and netted in the Company's books and records, which are prepared on a consolidated basis. Such treatment is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, characterization of the amount or validity, or priority of any such intercompany receivables and payables or the validity of any netting or offsets in the Company's books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or interest or not allowed at all. The Debtors reserve all rights to later change the amounts, characterization, classification,

categorization, or designation of intercompany accounts, if any, reported in the Schedules and Statement

(p) **Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule G and Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

(q) **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to the same. Thus, the Debtors reserve all of their rights with respect to disputed claims.

(r) **Excluded Assets and Liabilities**. The Debtors may have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. In addition, the Debtors have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist. Certain immaterial assets or liabilities may also have been excluded.

(s) **Liens**. The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any mechanic's, materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens.

(t) **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(u) **Setoffs**. Some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

(v) **Employee Addresses**. Where applicable, the Debtors have used the address of the Company as the applicable address of any employees of the Debtors identified in these Schedules and Statements.

5.      **Specific Schedules Disclosures**.

(a)     **Schedule A/B, Part 1 – Cash and Cash Equivalents**.  As of the Petition Date, neither of the Debtors held a cash balance or maintained any bank accounts.

(b)     **Schedule A/B, Part 2 – Deposits and Prepayments**.  As of the Petition Date, neither of the Debtors had made any deposits or retainers.

(c)     **Schedule A/B, Part 3 – Accounts Receivable**.  As of the Petition Date, neither of the Debtors held any accounts receivable.

(d)     **Schedule A/B, Part 4 – Investments**.  As of the Petition Date, neither of the Debtors held any investments.

(e)     **Schedule A/B, Part 5 – Inventory, Excluding Agriculture Assets**.  As of the Petition Date, neither of the Debtors owned any inventory.

(f)     **Schedule A/B, Part 6 – Farming and Fishing-Related Assets (Other Than Titled Motor Vehicles and Land)**.  As of the Petition Date, neither of the Debtors owned any farming or fishing-related assets.

(g)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**.  As of the Petition Date, neither of the Debtors owned any office furniture, fixtures, equipment, or collectibles.

(h)     **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**.  As of the Petition Date, neither of the Debtors owned any machinery, equipment, or vehicles.

(i)     **Schedule A/B, Part 9 – Real Property**.  As of the Petition Date, neither of the Debtors owned any real property.

(j)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Item 64**.  The Debtors have used commercially reasonable efforts to identify their intangible and intellectual property assets as of the Petition Date.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.  The Debtors have listed their executory contracts on Schedule G.  The Debtors reserve all of their rights with respect to any and all executory contracts and unexpired leases, including whether such agreements are or are not executory contracts and the right to amend Schedule G.

(k)     **Schedule A/B, Part 11 – All Other Assets, Tax Refunds and Unused Net Operating Losses (NOLs), Item 72**.  The Debtors are disregarded entities for federal income tax purposes, and, as a result, there are no tax refunds or NOLs attributable to the Debtors for federal income tax purposes.

(l)     **Schedule D – Creditors Holding Claims Secured by Property**.  Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the

Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the nature or structure of any such transaction or any document or instrument related to such creditor's claim.  Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien.  Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.  Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition senior secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate principal and accrued interest as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of another Debtor, and no claim set forth on Scheduled D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or documents.

(m)    **Schedule E/F – Creditors Who Have Unsecured Claims**.  The Debtors have made commercially reasonable efforts to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

(i)    **Part 1 – Creditors with Priority Unsecured Claims**.  The Debtors do not believe there are any priority claims against the Debtors as of the Petition Date. The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

(ii)    **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The liabilities identified in Schedule E/F, Part 2, are derived from the Company's books and records.  The Debtors made a commercially reasonable effort to set forth their

11

unsecured obligations as of the Petition Date, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

(n)     **Schedule G – Executory Contracts and Unexpired Leases**. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, leases or instruments set forth in Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors may have entered into certain confidentiality and non-compete agreements or various other types of agreements in the ordinary course of their businesses, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve all of their rights with respect to such agreements.

The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including their right to dispute or challenge the characterization, nature or structure of any

transaction, agreement, contract, document or instrument (including any intercompany agreement) related to a creditor's claim.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of commercially reasonable efforts to identify such documents.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The listing of any contract, agreement or instrument on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract, agreement or instrument. The Debtors reserve the right to dispute the effectiveness of any such contract, agreement or instrument listed on Schedule G or to amend Schedule G at any time to remove any contract, agreement or instrument.

Omission of a contract, agreement or instrument from Schedule G does not constitute an admission that such omitted contract, agreement or instrument is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, agreements or instruments are not impaired by the omission.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facilities. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(o)  **Schedule H – Co-Debtors**. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. The Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

6.  <u>**Specific Statements Disclosures**</u>.

(a)  **Statements, Part 2, Question 3 – Certain Payments or Transfers to Creditors within 90 Days Before Filing This Case**. Any payments made to the Debtors' bankruptcy case professionals on behalf of the Debtors within the 90 days prior to the Petition Date are disclosed in response to SOFA 11, and therefore are not listed in SOFA 3. The Debtors have no employees and no employee or director or officer compensation obligations.

(b) **Statements, Part 2, Question 6 – Setoffs**. For a discussion of setoffs and nettings incurred by the Debtors, please refer to paragraph 4(u) of these Global Notes.

(c) **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**. All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are included in the relevant Statement for the Debtor or Debtors. As disclosed in response to Statements, Part 6, Question 11, all such payments were made on behalf of the Debtors by their non-Debtor affiliate. The Debtors have endeavored to list only payments made for debt restructuring services, however, these balances may include payments for services not related to restructuring or bankruptcy related matters. Additional information regarding the Debtors' retention of professionals is or will be more fully described in the individual retention applications for those professionals.

(d) **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. The Debtors have listed those individuals and/or firms that have been identified as having primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records. In addition, pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Company or affiliates of the Company have prepared and filed or furnished with the SEC certain reports (collectively, the "SEC Filings"). Certain of these SEC Filings contain consolidated financial information relating to the Debtors and certain of their affiliates. Additionally, the Company or certain of its affiliates, as applicable, have historically provided information, such as annual reports, on their website. Because the SEC Filings and other reports are of public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of the SEC Filings or similar publicly-disclosed records from the SEC, the Debtors, the Company, or other sources.

(e) **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**. The Debtors incorporate by reference the *List of Equity Security Holders* filed as part of their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

(f) **Statements, Part 13, Question 31 – Membership in Consolidated Group for Tax Purposes**. The Debtors are each disregarded entities for federal income tax purposes.

| Debtor Name | **Migration Productions I LA, LLC** |
|---|---|
| **United States Bankruptcy Court for the Eastern District of Louisiana** | |
| Case number (if known): | **22-10288** |

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

### Part 1:    Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*    (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*................................................................................

$0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*...........................................................................

$0.00

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*..............................................................................

$0.00

---

### Part 2:    Summary of Liabilities

2.    *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D...........................

$147,324,681.00

3.    *Schedule E/F: Creditors Who Have Unsecured Claims*    (Official Form 206E/F)

3a.  **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*............................................................

$0.00

3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................................

**+**    $8,000,000.00

4.    **Total liabilities** ...........................................................................................................
Lines 2 + 3a + 3b

$155,324,681.00

| | |
|---|---|
| Debtor Name | **Migration Productions I LA, LLC** |

**United States Bankruptcy Court for the Eastern District of Louisiana**

| | |
|---|---|
| Case number (if known): | **22-10288** |

☐ Check if this is an
amended filing

Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be complete and accurate as possible. If more space is needed, attach a separate spreadsheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts**
   Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

4. **Other cash equivalents**

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

Debtor  Migration Productions I LA, LLC                                        Case Number (if known) 22-10288

---

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

9.  **Total of Part 2**
    Add lines 7 through 8.  Copy the total to line 81.

**Part 3:      Accounts Receivable**

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

    11a. 90 days old or less:   _____   -   _____   =
                                face amount                    doubtful or uncollectible accounts

    11b. Over 90 days old:      _____   -   _____   =
                                face amount                    doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:      Investments**

13. **Does the debtor own any investments?**

---

Official Form 206A/B                      **Schedule A/B: Assets - Real and Personal Property**                      Page 2

Debtor  Migration Productions I LA, LLC                                      Case Number (if known) 22-10288

- [x] No. Go to Part 5.
- [ ] Yes. Fill in the information below.

|  | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. **Mutual funds of publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | | |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:                            % of ownership: | | | |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: | | | |

17. **Total of Part 4**
   Add lines 14 through 16. Copy the total to line 83.

| Part 5: | Inventory, excluding agricultural assets |
|---|---|

18. **Does the debtor own any inventory (excluding agricultual assets)?**

- [x] No. Go to Part 6.
- [ ] Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |

Debtor  Migration Productions I LA, LLC                              Case Number (if known) 22-10288

22. **Other inventory or supplies**

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.
    ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.      Book Value $ _____    Valuation Method _____    Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

**Part 6:        Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops - either planted of harvested**

Debtor  Migration Productions I LA, LLC                     Case Number (if known) 22-10288

29.  **Farm animals**
     Examples: Livestock, poultry, farm-raised fish

30.  **Farm machinery and equipment**
     (Other than titled motor vehicles)

31.  **Farm and fishing supplies, chemicals, and feed**

32.  **Other farming and fishing-related property not already listed in Part 6**

33.  **Total of Part 6**
     Add lines 28 through 32. Copy the total to line 85.

34.  **Is the debtor a member of an agricultural cooperative?**

     ☐ No.
     ☐ Yes.

     **Is any of the debtor's property stored at the cooperative?**

     ☐ No.
     ☐ Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

     ☐ No.
     ☐ Yes.     Book Value $_____     Valuation Method _____     Current Value $_____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

     ☐ No.
     ☐ Yes.

Debtor  Migration Productions I LA, LLC                                    Case Number (if known) 22-10288

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 40.  **Office fixtures** | | | |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42.  **Collectibles** | | | |

42.  **Collectibles**
Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

Debtor  Migration Productions I LA, LLC                                    Case Number (if known) 22-10288

☐ No.

☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 8:         Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories**<br>Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

Debtor  Migration Productions I LA, LLC                                    Case Number (if known) 22-10288

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

| Part 9: | Real property |
|---------|---------------|

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56.  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

Debtor  Migration Productions I LA, LLC                                    Case Number (if known) 22-10288

- [ ] No.
- [ ] Yes.

| Part 10: | Intangibles and intellectual property |
| --- | --- |

59.  **Does the debtor have any interests in intangibles or intellectual property?**

- [ ] No. Go to Part 11.
- [x] Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 60.  **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61.  **Internet domain names and websites** | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 64.1  Rights under that certain Distribution Agreement, dated as of August 27, 2021 and with effect from February 1, 2021, by and between 30West VOA, LLC, STX Financing, LLC, and Migration Productions I LA, LLC, as assignee | Not Available | Not Applicable | Undetermined |
| 65.  **Goodwill** | | | |

Debtor  Migration Productions I LA, LLC                                    Case Number (if known) 22-10288

66. **Total of Part 10.**
    Add lines 60 through 65.  Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers?**

    ☐ No.
    ☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

    ☐ No.
    ☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

    ☑ No. Go to Part 12.
    ☐ Yes. Fill in the information below.

                                                                          **Current value of
                                                                          debtor's interest**

71. **Notes receivable**
    Description (include name of obligor)

                            _____  -  _____  =
                            Total face amount     Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

Debtor  Migration Productions I LA, LLC                    Case Number (if known) 22-10288

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   **Nature of claim**

   **Amount Requested**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   **Nature of claim**

   **Amount Requested**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**
   Examples: Season tickets, country club membership

78. **Total of Part 11.**
   Add lines 71 through 77.  Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ☐ No.
   ☐ Yes.

Debtor  Migration Productions I LA, LLC                                  Case Number (if known) 22-10288

**Part 12:**     **Summary**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. | **Real Property.** *Copy line 56, Part 9.* | | |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | | |

91. **Total.** Add lines 80 through 90 for each column.  91a.    **$0.00**  **+** 91b.    **$0.00**

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92..................................................................    **$0.00**

| Debtor Name | Migration Productions I LA, LLC |
|---|---|

United States Bankruptcy Court for the Eastern District of Louisiana

Case number (if known): **22-10288**

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1:     List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Amount of Claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** |
|---|---|---|---|

**2.1**

Creditor's name
**JPMORGAN CHASE BANK, NA, AS ADMINISTRATI**

Creditor's mailing address
**2029 CENTURY PARK E, 38TH FL**
**LOS ANGELES, CA 90067**

Creditor's email address, if known

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☐ No

☒ Yes. Specify each creditor, including this creditor, and its relative priority.

Senior - JPMorgan Chase Bank, NA
Junior - Red Fish Blue Fish, LLC

Describe debtor's property that is subject to a lien
SUBSTANTIALLY ALL ASSETS AND PROCEEDS THEREOF

Describe the lien

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of Claim: **$124,113,800.00**     Value of collateral: **UNKNOWN**

**2.2**

Creditor's name
**RED FISH BLUE FISH, LLC**

Creditor's mailing address
**101 S REID ST, STE 307, OFFICE 313**
**SIOUX FALLS, SD 57103**

Creditor's email address, if known

Date debt was incurred

Last four digits of account number

Do multiple creditors have an interest in the same property?

☐ No

☒ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☒ Yes.  The relative priority of creditors is specified on lines     2.1

Describe debtor's property that is subject to a lien
SUBSTANTIALLY ALL ASSETS AND PROCEEDS THEREOF

Describe the lien

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of Claim: **$23,210,881.00**     Value of collateral: **UNKNOWN**

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$147,324,681.00

| Debtor Name | **Migration Productions I LA, LLC** | |
|---|---|---|
| **United States Bankruptcy Court for the Eastern District of Louisiana** | | |
| Case number (if known): | **22-10288** | ☐ Check if this is an amended filing |

## Official Form 206E/F

## Schedule E/F - Creditors Who Have Claims Unsecured Claims    **12/15**

Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property*   (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**    If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** | | |
| | As of the petition filing date, the claim is: | $_____ | $_____ |
| | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| | ☐ Disputed | | |
| | **Basis for the claim:** | | |
| **Date or dates debt was incurred** | | | |
| **Last 4 digits of account number** | **Is the claim subject to offset?** ☐ No ☐ Yes | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (         ) | | | |

| Debtor Name | **Migration Productions I LA, LLC** | Case number (if known): **22-10288** |

## Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

| | Amount of claim |
|---|---|

**3.1**   **Nonpriority creditor's name and mailing address**

30WEST VOA, LLC
900 BROADWAY, STE 604
NEW YORK, NY 10003

**As of the petition filing date, the claim is:**      $8,000,000.00

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
CONTRACT

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor Name   **Migration Productions I LA, LLC**                              Case number (if known): **22-10288**

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

Debtor Name   **Migration Productions I LA, LLC**                    Case number (if known): **22-10288**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

**5a. Total claims from Part 1**                                                    $0.00

**5b. Total claims from Part 2**                                                  $8,000,000.00

**5c. Total claims of Parts 1 and 2**                                          $8,000,000.00
    Lines 5a + 5b = 5c

| Debtor Name | **Migration Productions I LA, LLC** |
|---|---|
| **United States Bankruptcy Court for the Eastern District of Louisiana** | |
| Case number (if known): | **22-10288** |

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **"THE CONTRACTOR" DISTRIBUTION AGREEMENT** | **30WEST VOA, LLC**<br>**900 BROADWAY, STE 604**<br>**NEW YORK, NY 10003** |
|---|---|---|---|
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| Debtor Name | **Migration Productions I LA, LLC** |
|---|---|

**United States Bankruptcy Court for the Eastern District of Louisiana**

| Case number (if known): | **22-10288** |
|---|---|

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**   Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

**Column 1: Codebtor**

**Column 2: Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply |
|---|---|---|---|---|
| 2.1 | ADRIFT PRODUCTIONS UK LIMITED | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | ADRIFT PRODUCTIONS UK LIMITED | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | BAD MOMS LOUISIANA, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | BAD MOMS LOUISIANA, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | BADDER MOMS, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | | Case number (if known): **22-10288** |
|---|---|---|---|

█ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.6 | **BADDER MOMS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.7 | **FSO JONES NY, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 | **FSO JONES NY, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 | **FSO JONES, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.10 | **FSO JONES, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.11 | **MARS BOYS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.12 | **MARS BOYS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.13 | **MILE 22, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | | Case number (if known): **22-10288** |

████ **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| **Name** | | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.14 | **MILE 22, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 | **MINNETONKA DREAMS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | **MINNETONKA DREAMS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 | **POLE SISTERS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.18 | **POLE SISTERS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.19 | **PUPPET MURDERS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.20 | **PUPPET MURDERS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.21 | **SECOND ACT PRODUCTIONS, LLC** | 3900 W ALAMEDA AVE, 32ND FL<br>BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | Case number (if known): **22-10288** |
| --- | --- | --- |

## ▬ Additional Page(s) if Debtor has More Codebtors

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- |
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.22  **SECOND ACT PRODUCTIONS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.23  **SEVENTEEN BRIDGES, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.24  **SEVENTEEN BRIDGES, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.25  **STX ANIMATION, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.26  **STX ANIMATION, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.27  **STX ENTERTAINMENT UK, LTD** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.28  **STX ENTERTAINMENT UK, LTD** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.29  **STX FILMDEV II, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | | Case number (if known): **22-10288** |

███  **Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- |
| **Name** / Mailing Address | | **Name** | Check all schedules that apply |
| 2.30 **STX FILMDEV II, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.31 **STX FILMDEV, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.32 **STX FILMDEV, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.33 **STX FILMWORKS, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.34 **STX FILMWORKS, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.35 **STX FINANCING, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.36 **STX FINANCING, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.37 **STX INTERNATIONAL, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | Case number (if known): **22-10288** |
|---|---|---|

## Additional Page(s) if Debtor has More Codebtors

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | Mailing Address | Name | *Check all schedules that apply* |
| 2.38 | **STX INTERNATIONAL, INC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.39 | **STX LOUISIANA, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.40 | **STX LOUISIANA, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.41 | **STX MUSIC PUBLISHING, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.42 | **STX MUSIC PUBLISHING, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.43 | **STX MUSIC, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.44 | **STX MUSIC, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.45 | **STX NY, INC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | | Case number (if known): **22-10288** |

---

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply |
| 2.46 | **STX NY, INC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.47 | **STX PLAN F, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.48 | **STX PLAN F, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.49 | **STX PRODUCTIONS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.50 | **STX PRODUCTIONS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.51 | **STX RECORDINGS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |
| 2.52 | **STX RECORDINGS, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | Red Fish Blue Fish, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.53 | **STX TRUE LIFE, LLC** | **3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505** | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D<br>☐ E/F<br>☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | | Case number (if known): **22-10288** |

---

**Additional Page(s) if Debtor has More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | Mailing Address | **Name** | *Check all schedules that apply* |
| 2.54 | **STX TRUE LIFE, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.55 | **STX TV, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.56 | **STX TV, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.57 | **SURREAL, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.58 | **SURREAL, INC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.59 | **TIME OF DEATH, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.60 | **TIME OF DEATH, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.61 | **UGLY INDUSTRIES, LLC** | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |

| Debtor Name | **Migration Productions I LA, LLC** | Case number (if known): **22-10288** |
|---|---|---|

| | **Additional Page(s) if Debtor has More Codebtors** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

**Column 1: Codebtor**

**Column 2: Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply |
|---|---|---|---|---|
| 2.62 | UGLY INDUSTRIES, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.63 | VATN VATN ALLS STADAR, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.64 | VATN VATN ALLS STADAR, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |
| 2.65 | WE ARE BESTIES, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | JPMorgan Chase Bank, NA, as Administrative Agent | ☑ D ☐ E/F ☐ G |
| 2.66 | WE ARE BESTIES, LLC | 3900 W ALAMEDA AVE, 32ND FL BURBANK, CA 91505 | Red Fish Blue Fish, LLC | ☑ D ☐ E/F ☐ G |

| **Debtor Name** | Migration Productions I LA, LLC |
|---|---|

**United States Bankruptcy Court for the Eastern District of Louisiana**

**Case Number:** 22-10288

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.  152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*     (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I, the Authorized Signatory of the Migration Productions I LA, LLC, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 29 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

| Executed on: 3/31/2022 | Signature /s/ Noah Fogelson |
|---|---|
| MM / DD / YYYY | |
| | Noah Fogelson |
| | Printed Name |
| | Authorized Signatory |
| | Title |